[Civ. No. 3649.  First Appellate District, Division One.—December 28, 1920.]

ALEXANDER T. ELLIOTT, Respondent, v. JAMES H. BAILEY et al., Appellants.

[1] ACTION FOR SERVICES — LIABILITY OF INDIVIDUAL DEFENDANTS — SUFFICIENCY OF EVIDENCE.—In this action brought by the plaintiff on his own behalf and also as the assignee of certain other parties to recover for services rendered and moneys advanced, the evidence was sufficient to sustain the findings that the services and advancements were made to defendants prior to the formation of an organization which defendants claimed was liable to the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge, Affirmed.

The facts are stated in the opinion of the court.

Theodore Stensland for Appellants.

Charles P. Huey for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought by the plaintiff on his own behalf and also as the assignee of certain other parties to recover certain sums of money alleged to be due for services rendered and advances made.

The facts were substantially these: The defendants, who were copartners in a real estate business, which included, among other activities, the promotion of mining enterprises, undertook to promote the development of certain mining claims lying in the vicinity of Las Vegas, Nevada. These mining claims had been located by a number of persons, among whom were J. K. Mildebrandt and H. F. Christie. The plans of the defendants contemplated the formation of some sort of organization to exploit these claims. Prior to the formation of this organization, and in a sense essential to its successful operation, it was necessary to have certain assays made of the ores and minerals of these claims. The plaintiff, Alexander T. Elliott, was a professor of chemistry, and as such was an expert analytical and chemical assayer of ores and minerals, and to him the defendant Cox, representing his firm, applied for the purpose of securing his services in making such assays. An agreement was made between Cox and the plaintiff by which, for the services he was to render in that behalf, he was to be paid at the rate of fifty dollars a week, of which twenty dollars was to be paid weekly in cash, and payment of the balance of thirty dollars per week was to be deferred until the said partners were enabled to realize some money from the sale of stock or otherwise in the course of the promotion of said enterprise. The next step in the course of said promotion proposed to be taken by said defendants was that of going to the place of location of said mining claims for the purpose of completing their organization; and in order to pay

the expenses of the trip they applied to said Mildebrandt and Christie for the advance of sufficient money to meet said expenses, and received from each of said parties the sum of $187.45. Having thus been enabled to reach Las Vegas, Nevada, the defendants, together with said Mildebrandt and Christie, and certain other persons who were also holders of some of said mining claims, proceeded with their organization. They selected the name of "Radio Mines Company." They did not organize a corporation, but instead thereof undertook to create some sort of a trust, and for that purpose arranged with one Walter T. Casey for the transfer to him, as trustee, of these several mining claims, and for the issuance by him as such trustee of certificates, supposed to represent the extent of the ownership of the holders thereof in the properties covered by said trust. There was thereupon issued to said Walter T. Casey certificates representing $50,000 as the par value thereof, purporting to be his recompense for professional services rendered by him. These certificates were later transferred by said Casey to the defendants, who sold and disposed of the same from time to time, and realized from the proceeds thereof the sum of about $3,600. The enterprise apparently languished and came to naught; and when the plaintiff applied to the defendants for the balance of the payments due him for his services as an assayer, and when said Mildebrandt and Christie also applied to the defendants for payment of the sums respectively advanced by them, each of these was referred to the Radio Mines Company for the payment of their claims; but receiving nothing from that source, the present action was instituted by the plaintiff, on his own behalf and also as assignee for Mildebrandt and Christie. There was another party of whom the plaintiff was also assignee, but as to his claim no recovery was had.

On the trial of the cause judgment was rendered in favor of the plaintiff for the sum of $445 upon his own account, and also for the sum of $374.90, the aggregate of the assigned claims of Mildebrandt and Christie.

[1] It is the contention of the defendants that the evidence is insufficient to sustain a judgment against them, or either of them, upon any of these claims, for the reason that each of these claimants was to look to the Radio Mines Company for payment. We have examined with some care

the rather voluminous record in this case, and, without undertaking to detail the testimony, we have reached the conclusion that there is sufficient evidence to sustain the findings of the trial court to the effect that the services performed by the plaintiff, and the moneys advanced by his two assignors, Mildebrandt and Christie, were in each instance services performed and moneys advanced to the defendants prior to the formation of any such organization as the Radio Mines Company, and that the plaintiff and his assignors were to be reimbursed by the defendants whenever the latter had received sufficient money so to do as the result of the promotion of said enterprise, and that the sum of $3,600 or thereabouts, which the defendants had received from the sale of the certificates transferred to them by said Walter T. Casey, amounted to such a fulfillment of the conditions under which they had received the services of the plaintiff and the advances of his assignors as to render the defendants liable to pay for such services and advances. The trial court so held, and we think the evidence amply sufficient to sustain its findings in that regard.

No other contention being urged by the appellant, the judgment is affirmed.

Kerrigan, J., and Seawell, P. J., *pro tem.*, concurred.